MAR 31 2023 PM2:59
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
Kasaun-Dupreme of The Moales Family, Plaintiff,
v.
State of Connecticut and its subdivisions, Defendant.

Case No. KDM000012023CT

COMPLAINT

Plaintiff Kasaun-Dupreme of The Moales Family, an elector and free estate holder [age of majority] and non-resident alien amy [3 Am J2d Aliens § 2] to the United States [federal corporation] and the State of Connecticut and its subdivisions [a municipal corporation], hereby brings this Complaint against the State of Connecticut and its subdivisions [a municipal corporation] for violation of his Fourth Amendment rights, due process rights, and right to travel, and requests permanent injunctive relief. Plaintiff alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and 42 U.S.C. §§ 1983 and 1985.
2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

PARTIES

3. Plaintiff: Kasaun-Dupreme of The Moales Family, an elector and free estate holder [age of majority] and non-resident alien amy to the United States [federal corporation] and the State of Connecticut and its subdivisions [a municipal corporation].

4. Defendant "State of Connecticut and its subdivisions" is a political subdivision of the federal corporation "United States".

FACTUAL ALLEGATIONS

5. On numerous occasions from December 28, 2019, through January 24, 2023, Defendant executed unlawful use of blue emergency lights to coerce Plaintiff into an unconstitutional administration of justice in relation to a driver license agreement for interstate commerce [CGS 14-111k(a)].
6. The driver license agreement is a unilateral adhesion contract for the furtherance of commercial enterprise with no remedy or relief.
7. Defendant conspired with officers of the Geographical area 2, to deprive Plaintiff of his unalienable rights endowed by his creator by means of trafficking him into their system by the recruitment, harboring, transportation, provision, or obtaining of his person for labor or services, through the use of force, fraud, or coercion for the purpose of

subjection to involuntary servitude, peonage, debt bondage, or slavery (22 U.S.C. § 7102(11)) and issued unauthentic warrants from unverifiable affidavits.

8. Plaintiff had no plans then and has no plans now or in the future to be compensated for his passengers or property on his private travels.

9. Defendant's actions are in violation of the Fourth Amendment to the United States Constitution, as recognized by the U.S. Supreme Court in United States v. Ortiz, 422 U.S. 891 (1975), and United States v. Watson, 423 U.S. 411 (1976), which reaffirmed the principle that a warrant is required for searches and seizures, and that an arrest warrant must be supported by probable cause.

10. Defendant's actions are also in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, as recognized by the U.S. Supreme Court in Owen v. City of Independence, 445 U.S. 622 (1980), Maine v. Thiboutot, 448 U.S. 1 (1980), and Bryars v. United States, 237 U.S. 28 (1927).

11. The right to travel is a fundamental right that is protected by the U.S. Constitution, as recognized by the U.S. Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), and United States v. Bishop, 412 U.S. 346 (1972).

12. Defendant's actions have also violated Plaintiff's right to travel, as recognized by the U.S. Supreme Court in Shapiro v. Thompson, 394 U.S. 618 (1969) and Saenz v. Roe, 526 U.S. 489 (1999), which held that states cannot impose durational residency requirements that interfere with the right to travel, and that states cannot discriminate against new residents in the distribution of welfare benefits.

13. Defendant's actions were carried out with deliberate indifference to Plaintiff's constitutional rights, and were done in bad faith, with malice, and with reckless disregard for Plaintiff's rights. Defendant's actions also violated Plaintiff's rights under the Free Exercise Clause of the First Amendment to the United States Constitution, which guarantees the right to freely exercise one's religious beliefs without interference from the government. Defendant's use of coercion to force Plaintiff to comply with the driver license agreement, which violated his sincerely held religious beliefs, violated Plaintiff's rights under the Free Exercise Clause.

CLAIMS FOR RELIEF
COUNT I: VIOLATION OF FOURTH AMENDMENT

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 9.

15. Defendant's use of blue emergency lights to coerce Plaintiff into an unconstitutional administration of justice constituted an unreasonable search and seizure in violation of the Fourth Amendment.

16. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to emotional distress, humiliation, and inconvenience.

17. Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, and any other relief deemed appropriate by this Court.

COUNT II: VIOLATION OF DUE PROCESS

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 13.
19. Defendant's actions violated Plaintiff's due process rights under the Fourteenth Amendment.
20. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to emotional distress, humiliation, and inconvenience.

21. Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, and any other relief deemed appropriate by this Court.

COUNT III: VIOLATION OF RIGHT TO TRAVEL

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 13.
23. Defendant's actions violated Plaintiff's right to travel under the U.S. Constitution.
24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to emotional distress, humiliation, and inconvenience.

25. Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, and any other relief deemed appropriate by this Court.
26. Plaintiff also asserts a claim under the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, which requires each state to give full faith and credit to the public acts, records, and judicial proceedings of every other state.
27. Plaintiff's driver license agreement was lawfully obtained and recognized in her state of residence, and Defendant's actions to coerce Plaintiff into an unconstitutional administration of justice violated Plaintiff's rights under the Full Faith and Credit Clause.

28. Defendant's actions also violated the principles established in Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1 (1824), which established the principle that the Commerce Clause of the United States Constitution grants Congress the power to regulate commerce among the states, and that state laws that interfere with interstate commerce are invalid.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Enter judgment in favor of Plaintiff and against Defendant on all claims alleged in this Complaint;
2. Declare that Defendant's actions violated Plaintiff's constitutional rights;
3. Enjoin Defendant from engaging in further unconstitutional conduct;
4. Award Plaintiff compensatory damages for his injuries and injunctive relief;
5. Award Plaintiff punitive damages against Defendant for his willful, malicious, and reckless conduct;
6. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in this action;

7.  Award Plaintiff any other relief that this Court deems just and proper, including relief under the Full Faith and Credit Clause and the principles established in Gibbons v. Ogden.

Dated: March 31, 2023

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2023.

*Kasaun-Dupreme of The Moales Family*
(Signature)

Kasaun-Dupreme of The Moales Family
P.O. Box 506
Shelton, Connecticut 06484
Telephone: 2038816217
Email: quaszy109@gmail.com
Pro se Plaintiff

PRINCE ALEXANDER SCOTT
Notary Public
Connecticut
My Commission Expires Nov 30, 2025